IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY M. PATERNOSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 07-446 (SLR) |
| | : | |
| SUPERVALU, INC. d/b/a ACME MARKETS, INC. and ACME MARKETS INC., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ACME MARKETS, INC. TO PLAINTIFF'S COMPLAINT

Defendant Acme Markets, Inc. ("Acme" or the "Company"), by and through its attorneys, answers the Complaint of Plaintiff Anthony M. Paternoster in accordance with the numbered paragraphs thereof as follows:

### PARTIES

1. Defendant admits only that its records reflect that Plaintiff's address at the time of the termination of his employment was in Newark, Delaware. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "Plaintiff is and at all times relevant hereto," was a resident of Newark, Delaware, and thus those allegations are denied.

2. Defendant admits that SUPERVALU is a corporation in the retail grocery and supermarket business, and that SUPERVALU entered into a merger agreement with parts of a business known as Albertsons, Inc., or about January 22, 2006. Defendant admits that Acme Markets, Inc. was a wholly owned subsidiary of Albertsons, Inc., and that Plaintiff was

employed by Acme Markets, Inc. and later by Albertsons. Whether SUPERVALU is a "successor" to Albertsons, Inc. is a question of law to which no responsive pleading is required. If a response is deemed required, Defendant denies the broad allegation. For purposes of this lawsuit, however, SUPERVALU is not a proper party.

## JURISDICTION

3. Defendant admits that the United States District Courts have jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 621, et seq. (the Age Discrimination in Employment Act) by virtue of 28 U.SC. §§ 1331 and 1343, and admits further that United States District Courts may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendant denies that venue is appropriate in the United States District Court for the District of Delaware and denies the remaining allegations.

## FACTS

4. Defendant admits the allegations in this paragraph.

5. Defendant admits the allegations in this paragraph.

6. Defendant admits only that Mr. Paternoster worked for many years in the area of loss prevention and that his employment was terminated on or about August 12, 2005. The remaining allegations are denied.

7. Defendant admits only that Acme restructured its loss prevention department beginning in the summer of 2005, and that continued employment and offers of employment were made to persons of various ages, including some individuals who were over age 50 and some who were younger than Mr. Paternoster. The remaining allegations are denied.

8. Defendant admits upon information and belief that Mr. Paternoster had heart-related surgery and that he missed time from work.

## COUNT I

### Violation of Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

9. Defendant incorporates by reference its responses to the allegations in paragraphs 1 through 8 as if fully set forth herein.

10. Defendant denies the allegations in this paragraph.

11. Defendant denies the allegations in this paragraph.

## COUNT II

### Violation of the Americans with Disabilities Act., 42 U.S.C. § 12101, et seq.

12. Defendant incorporates by reference its responses to the allegations in paragraphs 1 through 11 as if fully set forth herein.

13. Defendant admits only that some managers at Acme were aware that Mr. Paternoster had heart-related surgery. The remaining allegations are denied.

14. Defendant denies the allegations in this paragraph.

15. Defendant denies the allegations in this paragraph.

## COUNT III

### Violation of Delaware Age and Disabilities Discrimination Statute, 19 Del. C. § 711, et seq.

16. Defendant incorporates by reference its responses to the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. Defendant denies the allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

## COUNT IV

### Violation of the Delaware Common Law Covenant of Good Faith and Fair Dealing (Falsification of Reasons)

19. Defendant incorporates by reference its responses to the allegations in paragraphs 1 through 18 as if fully set forth herein.

20. Defendant admits only that it referred to "skill set" in its conversation about the reasons for the termination of Mr. Paternoster's employment. The remaining allegations are denied.

21. Defendant denies the allegations in this paragraph.

Defendant denies all the allegations in the "Wherefore" clause.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part because they fail to state a claim.

2. Plaintiff's claims are barred in whole or in part to the extent he has not exhausted administrative remedies as required by the Age Discrimination in Employment Act and/or any applicable state fair employment act, including his failure to file a timely charge of discrimination.

3. Plaintiff's claims may be barred in whole or in part by his failure to mitigate damages.

4. Plaintiff's claims are barred because Defendant acted for legitimate reasons other than age or disability.

5. Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

6. Plaintiff's claims for damages are barred in whole or in part by the exclusive remedy provision of the applicable state Workers' Compensation Act.

7. Plaintiff's claims for violation of the duty of good faith and fair dealing are preempted by the exclusive remedies of the state employment discrimination act.

8. Defendant had in effect, at all material times, an equal employment opportunity policy and an anti-harassment policy which prohibited all forms of employment discrimination, including age and disability discrimination. Further, Defendant has enforced such policies by taking affirmative steps to try to prevent such actions from occurring or having been advised of allegations regarding the same, has investigated all such claims when management was so advised and has taken strong remedial action when justified.

9. The claims asserted in the Complaint may be barred in whole or in part by the doctrines of laches, waiver, estoppel and/or unclean hands.

10. Plaintiff's claims under Delaware law are barred because Plaintiff was not employed in Delaware.

11. Plaintiff's claims may be barred by the applicable statute of limitations.

12. Defendant reserves the right to amend or add additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

WHEREFORE, Defendant Acme Markets, Inc. respectfully requests that the Complaint be dismissed with prejudice, and judgment entered in favor of Defendant and against Plaintiff, and Defendant be awarded its reasonable costs and attorneys fees and whatever additional relief the Court deems appropriate.

BUCHANAN INGERSOLL & ROONEY PC

BY: /s/ Jennifer M. Becnel-Guzzo
Jennifer M. Becnel-Guzzo (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant Acme Markets, Inc.*

Dated: December 3, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY M. PATERNOSTER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 07-446 |
| : | |
| SUPERVALU, INC. d/b/a ACME : | |
| MARKETS, INC. and ACME : | |
| MARKETS INC., : | JURY TRIAL DEMANDED |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Jennifer M. Becnel-Guzzo, do hereby certify that on this 3rd day of December, 2007, I electronically filed the Answer and Affirmative Defenses of Defendant Acme Markets, Inc. to Plaintiff's Complaint using CM/ECF and also served two copies, via first class mail, postage prepaid, to:

      Herbert G. Feuerhake, Esquire
      521 West Street
      Wilmington, DE 19801

      BUCHANAN INGERSOLL & ROONEY PC

      BY: *Jennifer M. Becnel-Guzzo*
      Jennifer M. Becnel-Guzzo (#4492)
      1000 West Street, Suite 1410
      Wilmington, DE 19801
      (302) 552-4200
      jennifer.becnelguzzo@bipc.com
      *Attorneys for Defendant Acme Markets, Inc.*

#1009846-v1