# IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ANTHONY M. PATERNOSTER** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 07-446 (SLR)** |
| | : | |
| **SUPERVALU, INC. d/b/a ACME** | : | |
| **MARKETS, INC. and ACME** | : | |
| **MARKETS INC.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION TO TRANSFER VENUE

Defendants SUPERVALU INC. d/b/a/ Acme Markets, Inc. ("SUPERVALU") and Acme Markets, Inc. ("Acme"), hereby jointly move this Court, pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a), to transfer venue from the United States District Court for the District of Delaware to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Vicinage.

Based on the mandatory venue requirements of the American with Disabilities Act, the convenience of the Defendants, the location of documents relevant to this case, the location of many of the important witnesses, and the principles of judicial economy, Defendants jointly request that this Court transfer venue to the United States District Court for the Eastern District of  Pennsylvania, Philadelphia Vicinage.  In support of their motion, Defendants incorporate by reference the reasons articulated in their Memorandum of Law in Support of Their Motion to Transfer Venue.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

BY: *Jennifer M Becnel-Guzzo*

Jennifer M. Becnel-Guzzo (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendants SUPERVALU,*
*d/b/a  Acme Markets, Inc.*
*and Acme Markets, Inc.*

Dated:  January 10, 2008

2

IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF DELAWARE

ANTHONY M. PATERNOSTER          :
                                :
            Plaintiff,          :
                                :
         v.                     :        CIVIL ACTION NO. 07-446 (SLR)
                                :
SUPERVALU, INC. d/b/a ACME      :
MARKETS, INC. and ACME          :
MARKETS INC.                    :        JURY TRIAL DEMANDED
                                :
            Defendants.  :

DECLARATION OF JOSEPH CONWAY

I, Joseph Conway, aver as follows:

1.    I am the Director of Loss Prevention for Defendant Acme Markets, Inc. ("Acme").  I am familiar with the facts set forth in this declaration.

2.    Acme maintains its principal place of business at 75 Valley Stream Parkway, Malvern, Pennsylvania (the "Malvern Headquarters").  I reside in Pennsylvania and work from Acme's Malvern Headquarters.

3.    In January 2005, I was hired as the new Director of the Loss Prevention Department for Albertsons, Inc., Eastern Division.  At that time, Albertsons, Inc. was the parent company of Acme and I became Plaintiff Anthony M. Paternoster's ("Paternoster") supervisor. Paternoster was employed by Acme as a Loss Prevention Manager.  In Paternoster's position as a Loss Prevention Manager, he was responsible for protecting Acme's assets, conducting investigations and policing Acme's policies.

4.    Acme maintains all of its corporate and administrative offices, including the offices for all of its Loss Prevention employees, at the Malvern Headquarters. Accordingly, Paternoster worked for Acme out of its Malvern Headquarters. He either reported to work at Malvern, or if he was in the field, he reported his schedule and activities to Malvern each day.

5.    Acme terminated Paternoster's employment at its Malvern Headquarters on or about August 12, 2005.

6.    If Paternoster's employment with Acme had not been terminated, he would have continued to work at Acme's Malvern Headquarters, along with the rest of Acme's Loss Prevention Department. All of Acme's current Loss Prevention employees work from the headquarters in Pennsylvania.

7.    I, along with Randy Ferris, then Director of Operations, Loss Prevention for Albertsons, Inc., and Jen Giro, then Human Resources Representative for Albertsons, Inc., made the decision to terminate Mr. Paternoster's employment with Acme. We made this decision after an interviewing process, which we conducted during a restructuring of Acme's Loss Prevention Department. Mr. Paternoster and I were physically present in the Malvern headquarters during his interview. Mr. Ferris and Ms. Giro were at Albertson's headquarters in Boise, Idaho and participated in his interview by videoconference. No events related to Acme's termination of Mr. Paternoster's employment occurred in Delaware.

8.    At the time of the decision, Mr. Ferris and Ms. Giro worked primarily out of Albertsons, Inc.'s headquarters in Boise, Idaho. Mr. Ferris currently works for SUPERVALU INC., Acme's parent company since August 2006, in Chanhassen, Minnesota. Ms. Giro is no

2

longer employed by Acme or its parent company, and I do not know where she currently resides. Company records reflect that her last known address is in Arkansas. *Arizona*

9.  SUPERVALU INC. maintains its principal place of business at 11840 Valley View Road, Eden Prairie, Minnesota. SUPERVALU INC. does not maintain any corporate or administrative offices in Delaware.

10.  Acme's Human Resources Department, which includes those employees most knowledgeable about Acme's employment and discrimination policies and practices, is located at its Malvern Headquarters. All of Acme's Human Resources personnel work out of Malvern.

11.  The majority of documents related to Mr. Paternoster's employment are maintained at Acme's Malvern Headquarters. Likewise, all of Acme's employment policies, discrimination policies and most other company documents are maintained at its Malvern Headquarters. To the extent any records of Paternoster's employment with Acme are not maintained at Acme's Malvern Headquarters, they would be maintained either in Idaho or in Minnesota, where Acme's former and present parent companies respectively maintain(ed) their principal places of business. No records of Paternoster's employment with Acme are maintained or administered in Delaware.

12.  While Acme does operate twelve retail stores in Delaware, Acme does not maintain any corporate or administrative offices in Delaware. Acme operates fifty-five retail stores in Pennsylvania.

I declare under penalty of perjury that the facts in the foregoing Declaration are true and correct.

3

Executed this ___ day of January, 2008            _____
                                                   JOSEPH CONWAY

4

#2053849-v2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ANTHONY M. PATERNOSTER** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 07-446 (SLR)** |
| | : | |
| **SUPERVALU, INC. d/b/a ACME** | : | |
| **MARKETS, INC. and ACME** | : | |
| **MARKETS INC.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

## ORDER

    **AND NOW** on this ____ day of _____, 2008, upon consideration of Defendants SUPERVALU INC. d/b/a/ Acme Markets, Inc. and Acme Markets, Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a) from the United States District Court for the District of Delaware to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Vicinage, and any response thereto, **IT IS HEREBY ORDERED THAT DEFENDANTS' MOTION IS GRANTED.**

_____

                                                    J.

## STATEMENT PURSUANT TO D. DEL. LR 7.1.1

I, Jennifer M. Becnel-Guzzo, Esquire, hereby certify pursuant to D. Del. LR 7.1.1 that counsel for Defendants has conferred with counsel for Plaintiff in a good faith effort to reach an agreement regarding the matter set forth in this motion. The parties were unable to reach an agreement.

BUCHANAN INGERSOLL & ROONEY

Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
jennifer.becnelguzzo@bipc.com

January 10, 2008

#1010322-v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY M. PATERNOSTER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 07-446 |
| | : | |
| SUPERVALU, INC. d/b/a ACME | : | |
| MARKETS, INC. and ACME | : | |
| MARKETS INC. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Jennifer M. Becnel-Guzzo , do hereby certify that on this 10th day of January, 2008, I electronically filed Defendants' Motion to Transfer Venue, Memorandum of Law in Support of Defendants' Motion to Transfer Venue, and proposed Order using CM/ECF and also served two copies, via first class mail, postage prepaid, to:

> Herbert G. Feuerhake, Esquire
> 521 West Street
> Wilmington, DE   19801

> BUCHANAN INGERSOLL & ROONEY PC

> BY _____
> Jennifer M. Becnel-Guzzo (#4492)
> 1000 West Street, Suite 1410
> Wilmington, DE 19801
> (302) 552-4200
> jennifer.becnelguzzo@bipc.com
> *Attorneys for Defendant SUPERVALU,*
> *d/b/a Acme Markets, Inc.*
> *and Acme Markets, Inc.*