IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY M. PATERNOSTER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 07-446 (SLR) |
| | : | |
| SUPERVALU, INC. d/b/a ACME | : | |
| MARKETS, INC. and ACME | : | |
| MARKETS INC. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEIR MOTION TO TRANSFER VENUE**

BUCHANAN INGERSOLL & ROONEY PC

Jennifer M. Becnel-Guzzo (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant SUPERVALU,
d/b/a Acme Markets, Inc. and Acme Markets, Inc.*

Dated: January 10, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ............................................................................................... 1

II.   NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

III.  SUMMARY OF THE ARGUMENT ................................................................. 1

IV.   STATEMENT OF FACTS ................................................................................. 5

    A.    Location of the Defendants ..................................................................... 5

    B.    Location of the Alleged Unlawful Employment Practice ....................... 5

    C.    Location of Documents Relevant to This Case ....................................... 6

    D.    Location of Witnesses ............................................................................. 6

V.    ARGUMENT ..................................................................................................... 6

    A.    The District of Delaware is Not the Proper Venue for This Case ........... 6

    B.    The Convenience of the Parties and Witnesses and the Interests of Justice
          Mandate that this Civil Action be Transferred to the United States District Court
          for the Eastern District of Pennsylvania .............................................. 10

          1.    This Case Would Have Been Properly Filed in the United States District
               Court for the Eastern District of Pennsylvania ........................... 10

          2.    A Transfer to the District Court for the Eastern District of Pennsylvania
               Would Promote Justice and Convenience .................................... 11

VI.   CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

## Federal Cases

*Affymetrix, Inc. v. Synteni, Inc.,*
   28 F.Supp.2d 192 (D.Del.1998) ............................................................................. 11

*Albright v. W.L. Gore & Associates, Inc.,*
   2002 WL 1765340 (D.Del. 2002) ........................................................................ 3, 8

*Archuleta v. Sullivan,*
   725 F.Supp. 602 (D.D.C.1989) ................................................................................ 9

*Bergman v. Brainin,*
   512 F.Supp. 972 (D.Del.1981) .............................................................................. 11

*Bragg v. Hoffman Homes,*
   2005 U.S. Dist. LEXIS 4821 .................................................................................... 8

*Colon v. Pitney Bowes Corp.,*
   2007 WL 496875 (D.N.J. 2007) ............................................................................... 8

*de Rojas v. Trans States Airlines, Inc.,*
   204 F.R.D. 265 (D.N.J.2001) .................................................................................... 7

*EEOC v. Waffle House, Inc.,*
   534 U.S. 279 (2002) .................................................................................................. 7

*Hoffer v. InfoSpace.com, Inc.,*
   102 F.Supp.2d 556 (D.N.J. 2000) .......................................................................... 11

*Hoffman v. Blaski,*
   363 U.S. 335 (1960) ............................................................................................ 3, 10

*Jumara v. State Farm Ins. Co.,*
   55 F.3d 873 (3d Cir.1995) ............................................................................. 4, 11, 12

*Kabacinski v. Bostrom Seating,*
   98 Fed.Appx. 78 (3d Cir.2004) ................................................................................. 8

*Kravitz v. Institute for Int'l Research, Inc.,*
   1993 WL 453457 (E.D.Pa.1993) ........................................................................... 8, 9

*Lomanno v. Black,*
   285 F.Supp.2d 637 (E.D.Pa.2003) ........................................................................ 2, 7

*O'Connor v. Pan Am,*
   1990 WL 118286 (S.D.N.Y. 1990) ........................................................................... 9

*Plum Tree, Inc. v. Stockment,*
   488 F.2d 754 (3d Cir. 1973) ............................................................................... 10

*Saran v. Harvey,*
   2005 WL 1106347 (D.D.C. May 9, 2005) .......................................................... 9

*Shutte v. Armco Steel Corp.,*
   431 F.2d 22 (3d Cir. 1970) ....................................................................... 3, 10, 11

*Stebbins v. State Farm Mutual Automobile Ins. Co.,*
   413 F.2d 1100 (D.C.Cir.1969) ........................................................................... 7

*Stein v. Chemtex Int'l Inc.,*
   2004 WL 722252 (D.Del. 2004) ........................................................................ 8

*Stewart Org., Inc. v. Ricoh Corp.,*
   487 U.S. 22, 29 (1988) ...................................................................................... 11

*Thurmon v. Martin Marietta Data Sys.,*
   596 F.Supp. 367 (M.D.Pa.1984) .................................................................. 2, 7, 8

*Trawick v. Harvey,*
   2006 WL 2372241 (E.D.Pa. 2006) .................................................................. 3, 9

**Statutes**
19 Del. C. § 711, *et seq.* ...................................................................................... 1, 7

28 U.S.C. § 1404(a) ...................................................................................... passim

28 U.S.C. § 1406(a) ...................................................................................... passim

29 U.S.C. §621, *et seq.* ...................................................................................... 1, 7

42 U.S.C. § 12101, *et seq.* .................................................................................. 1, 7

42 U.S.C. § 12117(a) ............................................................................................ 2, 7

42 U.S.C. § 2000e-5(f)(3) .................................................................................... 2, 7

## I.    **INTRODUCTION**

Defendants SUPERVALU INC. d/b/a/ Acme Markets, Inc. ("SUPERVALU") and Acme Markets, Inc. ("Acme") hereby jointly move this Court to transfer venue pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a) from the United States District Court for the District of Delaware to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Vicinage.

## II.    **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Anthony M. Paternoster ("Plaintiff") filed a complaint with this Court on July 19, 2007 alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the Delaware Age and Disabilities Discrimination statute, 19 Del. C. § 711, *et seq.* and the common law.  Plaintiff's complaint arises from the termination of his employment with Acme. Defendants were served with the complaint on November 12, 2007.  Defendants each filed an Answer and Affirmative Defenses to the Complaint on December 3, 2007.

## III.    **SUMMARY OF THE ARGUMENT**

1.    Defendants now move to transfer venue from the United States District Court for the District of Delaware to the United States District Court for the Eastern District of Pennsylvania because:  1) venue is improper in the District of Delaware, and proper in the Eastern District of Pennsylvania, pursuant to the venue requirements of the ADA; and 2) the Eastern District of Pennsylvania is a substantially more convenient venue for this matter than the District of Delaware, and litigating Plaintiff's claims in the District of Delaware would impose an unusual burden on the Defendants.

2.    Venue for this matter is improper in the District of Delaware pursuant to 28 U.S.C. § 1406(a), and should be transferred to the Eastern District of Pennsylvania.

3.    28 U.S.C. § 1406(a) provides, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue must be proper for each claim in a case with multiple claims. *Lomanno v. Black,* 285 F.Supp.2d 637, 641 (E.D.Pa.2003) (citations omitted).

4.    The ADA adopts the venue requirement of Title VII actions. 42 U.S.C. § 12117(a). Proper venue for Title VII actions is controlled by 42 U.S.C. § 2000e-5(f)(3), which permits actions to be brought in a venue:

> (1) where "the unlawful employment practice is alleged to have been committed;"
>
> (2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
>
> (3) where "the employment records relevant to such practice are maintained and administered;" and
>
> (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

*Thurmon v. Martin Marietta Data Sys.,* 596 F.Supp. 367, 368 (M.D.Pa.1984).

5.    Applying the ADA's venue requirements, it is evident that the District of Delaware is not a proper venue because: 1) The alleged unlawful employment action did not take place in Delaware; 2) Plaintiff would not be working in Delaware if the alleged unlawful employment action had not taken place; 3) The employment records are not in Delaware; and 4) Acme's principal place of business is not in Delaware.

2

6.     When venue is improper as to a plaintiff's ADA or Title V II claims, federal courts have consistently transferred the *entire* case to an appropriate venue, instead of splitting the case apart. *Trawick v. Harvey*, 2006 WL 2372241, *1 (E.D.Pa. 2006).

7.     In this case, all of Plaintiff's claims are tied to the same issue -- the reason for Acme's termination of Plaintiff's employment.  It would be a gross waste of the courts' and the parties' resources to try the same case in two different courts.  Accordingly, the Court should transfer this entire case to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a).

8.     Venue for this matter also should be transferred to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a), as mandated by the convenience of the parties and the interests of justice.

9.     28 U.S.C. § 1404(a)  provides in pertinent part that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

10.     In addressing a motion to change venue pursuant to § 1404(a), this Court must resolve two questions:  whether this case might have been brought in the Eastern District of Pennsylvania, and, if so, whether a transfer would provide justice and convenience. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24-25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971).

11.     This case would have been properly filed in the Eastern District of Pennsylvania because, as discussed above, it clearly is the only proper venue for Plaintiff's ADA claim, and federal case law establishes that the entire case should be transferred to the Eastern District of Pennsylvania along with Plaintiff's ADA claim.  Moreover, the Eastern District of Pennsylvania is a proper venue under the general venue statute, 28 U.S.C. § 1391 as well

3

because all of the events giving rise to Plaintiff's claim took place in Malvern, Pennsylvania, where Acme maintains its principal place of business.

12.     A transfer to the Eastern District of Pennsylvania would promote justice and convenience. In determining whether a transfer would promote justice and convenience, the Third Circuit Court of Appeals has identified potential factors that a court may consider, which it characterized as either public or private. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995). Private interests this Court may consider include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; (6) the location of books and records *Id.* (citations omitted). Public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

13.     As set forth fully below, the *Jumara* factors weigh heavily in favor of transferring venue of this litigation to the Eastern District of Pennsylvania because all events relevant to Plaintiff's claims took place at Acme's Malvern, Pennsylvania Headquarters, which was Plaintiff's place of employment; Plaintiff's supervisor at Acme, and a key witness, resides in Pennsylvania and works out of the Malvern Headquarters; the rest of Acme's Loss Prevention Department and its Human Resources Department work out of the Malvern Headquarters; and the majority of Plaintiff's employment records are maintained at the Malvern Headquarters.

4

14.     The most important factor in this analysis, however, is that Plaintiff's ADA claim must be brought in the Eastern District of Pennsylvania. Litigating Plaintiff's claims, which are based on the same nucleus of fact, in different forums would be contrary to every notion of judicial economy, would harm the public interest, and would impose an unusual burden on the Defendants.

15.     Considering all of these factors, this Court should grant the Defendants' joint Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) as well as 28 U.S.C. § 1406(a).

## IV.     STATEMENT OF FACTS

### A.     Location of the Defendants

Defendant Acme maintains its principal place of business at 75 Valley Stream Parkway, Malvern, Pennsylvania (the "Malvern Headquarters"). (Ex. A, Declaration of Joseph Conway at ¶ 2). Acme's Loss Prevention Department, in which Mr. Paternoster worked, is located at Acme's Malvern Headquarters. (*Id.* ¶ 4). While Acme operates twelve retail grocery stores in the State of Delaware, Acme does not maintain any corporate or administrative offices in Delaware. (*Id.* ¶ 12). Acme operates fifty-five retail stores in Pennsylvania. (*Id.*).

Defendant SUPERVALU maintains its principal place of business at 11840 Valley View Road, Eden Prairie, Minnesota. (*Id.* ¶ 9). SUPERVALU does not maintain any corporate or administrative offices in Delaware. (*Id.*).

### B.     Location of the Alleged Unlawful Employment Practice

Plaintiff's claims against Defendants are based on Acme's termination of Plaintiff's employment. Acme terminated Plaintiff's employment on or about August 12, 2005 at its Malvern Headquarters. (*Id.* ¶ 5). The termination was part of a restructuring of Acme's Loss Prevention Department, which included an interviewing process. (*Id.* ¶ 7). This interviewing

process also took place at Acme's Malvern Headquarters. (*Id.*). No events related to Acme's termination of Plaintiff's employment took place in Delaware. (*Id.*).

If Acme had not terminated Plaintiff's employment, Plaintiff would continue to work out of Acme's Malvern Headquarters, along with the rest of Acme's Loss Prevention Department. (*Id.* ¶ 6).

### C.    Location of Documents Relevant to This Case

Most, if not all, of the documents related to Plaintiff's employment with Acme, as well as Acme's employment policies, discrimination policies, and other company documents, are maintained at Acme's Malvern Headquarters. (*Id.* ¶ 11). Additional records of Plaintiff's employment with Acme, if any, would be maintained in either Idaho or Minnesota. (*Id.*). No records of Paternoster's employment with Acme are maintained in Delaware. (*Id.*).

### D.    Location of Witnesses

As discussed above, Acme's Loss Prevention Department, including Plaintiff's former supervisor, works out of Acme's Malvern Headquarters. (*Id.* ¶¶ 4, 6). Acme's Human Resources department, including those employees most knowledgeable about Acme's employment and discrimination policies and practices, also is located at Acme's Malvern Headquarters. (*Id.* ¶ 10). Moreover, none of the Acme employees involved in the decision to terminate Plaintiff's employment reside in Delaware. (*Id.* ¶¶ 2, 8).

## V.    ARGUMENT

### A.    The District of Delaware is Not the Proper Venue for This Case

Venue disputes are governed by either 28 U.S.C. § 1406(a) or by 28 U.S.C. § 1404(a). § 1406(a) applies where the original venue is improper. Under § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall

dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff has brought claims against the Defendants for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the Delaware Age and Disabilities Discrimination statute, 19 Del. C. § 711, *et seq.* and the common law. Venue must be "proper for each claim in a case with multiple claims." *Lomanno v. Black,* 285 F.Supp.2d 637, 641 (E.D.Pa.2003) (citations omitted). As set forth fully below, the District of Delaware is an improper venue for Plaintiff's ADA claim.

The ADA adopts the venue requirement of Title VII actions. 42 U.S.C. § 12117(a). Proper venue for Title VII actions is controlled by 42 U.S.C. § 2000e-5(f)(3). Courts have determined that § 2000e-5(f)(3) sets forth four judicial districts where an employment discrimination action may be brought:

> (1) where "the unlawful employment practice is alleged to have been committed;"
>
> (2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
>
> (3) where "the employment records relevant to such practice are maintained and administered;" and
>
> (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

*Thurmon v. Martin Marietta Data Sys.,* 596 F.Supp. 367, 368 (M.D.Pa.1984) (quoting *Stebbins v. State Farm Mutual Automobile Ins. Co.,* 413 F.2d 1100, 1102 (D.C.Cir.1969); *see also, EEOC v. Waffle House, Inc.,* 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002); *de Rojas v. Trans States Airlines, Inc.,* 204 F.R.D. 265, 267 (D.N.J.2001).

This venue requirement is mandatory for Title VII and ADA claims, and thus, other more general venue provisions do not apply to such claims. *See Stein v. Chemtex Int'l Inc.*, 2004 WL 722252 *2 (D.Del. 2004)(citing *Thurmon v. Martin Marietta Data Systems*, 596 F.Supp. 367, 368 (M.D.Pa.1984). *See also Colon v. Pitney Bowes Corp.*, 2007 WL 496875, *2 (D.N.J. 2007) (citing *Kabacinski v. Bostrom Seating*, 98 Fed.Appx. 78, 82-83 (3d Cir.2004) (discussing proper venue for ADA claim); *Bragg v. Hoffman Homes*, No. 04-4984, 2005 U.S. Dist. LEXIS 4821, at *2-*3 (noting that general venue provisions do not apply in Title VII cases).

Although venue for the ADEA claims is covered by the general venue statute, 28 U.S.C. § 1391, courts have consistently held that when ADEA claims are presented simultaneously with an ADA or Title VII claim, the lawsuit must be filed in the judicial district where venue is proper for both claims. *See Albright v. W.L. Gore & Associates, Inc.*, 2002 WL 1765340, *4 (D.Del. 2002) (citing *Kravitz v. Institute for Int'l Research, Inc.*, 1993 WL 453457, at *3 (E.D.Pa.1993)).

In this case, the District of Delaware clearly is not a proper venue for Plaintiff's ADA claim.  The alleged unlawful employment practice (the termination of Plaintiff's employment) took place in Malvern, Pennsylvania, where Acme's principal place of business is located.  Moreover, the restructuring process that led to Plaintiff's termination also took place in Malvern.  No events related to Plaintiff's termination took place in Delaware.

If Plaintiff's employment had not been terminated, he would continue to work out of Acme's Malvern Headquarters, as he had done on a daily basis for years prior to his termination.  All of Acme's Loss Prevention Managers, Plaintiff's former position, work out of its Malvern Headquarters.

All employment records relevant to Plaintiff's employment, and the termination of his employment, are maintained in Malvern, or possibly in Idaho and/or Minnesota. However, no records pertaining to Plaintiff's employment, or the termination of his employment, are maintained in Delaware.

Applying the ADA's venue requirements, it is evident that the District of Delaware is not a proper venue because: 1) The alleged unlawful employment action did not take place in Delaware; 2) Plaintiff would not be working in Delaware if the alleged unlawful employment action had not taken place; 3) The employment records are not in Delaware; and 4) Acme's principal place of business is not in Delaware. The plain language of the ADA and Title VII venue provision does not permit the District of Delaware as a proper venue. The Eastern District of Pennsylvania is the proper venue for Plaintiff's ADA (and ADEA) claims.

When venue is improper as to a plaintiff's ADA or Title VII claims, federal courts have consistently transferred the entire case to an appropriate venue, instead of splitting the case apart. *Trawick v. Harvey*, 2006 WL 2372241, *1 (E.D.Pa. 2006) (citing *Archuleta v. Sullivan*, 725 F.Supp. 602, 606 (D.D.C.1989); *Saran v. Harvey*, Civ. A. No. 04-1847, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005)). *See also Kravitz v. Institute for Int'l. Research, Inc.*, 1993 WL 453457, *3 (E.D.Pa.1993); *O'Connor v. Pan Am*, 1990 WL 118286 at *3 (S.D.N.Y. 1990) (court transferred a Title VII and ADEA action to venue where venue for Title VII claim was proper). In this case, all of Plaintiff's claims are tied to the same issue -- the reason for Acme's termination of Plaintiff's employment. It would be a gross waste of the courts' and the parties' resources to try the same case in two different courts. Accordingly, the Court should transfer this entire case to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. 1406(a).

**B.    The Convenience of the Parties and Witnesses and the Interests of Justice Mandate that this Civil Action be Transferred to the United States District Court for the Eastern District of Pennsylvania**

Section 1404(a) of Title 28 of the United States Code provides in pertinent part that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has broad discretion in deciding whether to transfer an action under § 1404(a). *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973). In addressing a motion to change venue pursuant to § 1404(a), a court must weigh the convenience of transfer and fairness of transfer. In exercising its discretion, this Court must resolve two questions: whether this case might have been brought in the Eastern District of Pennsylvania, and, if so, whether a transfer would provide justice and convenience. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24-25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971).

1.    This Case Would Have Been Properly Filed in the United States District Court for the Eastern District of Pennsylvania

As discussed above, the Eastern District of Pennsylvania clearly is the only proper venue for Plaintiff's ADA claim, and federal case law establishes that the entire case should be transferred to the Eastern District of Pennsylvania along with Plaintiff's ADA claim. Moreover, the Eastern District of Pennsylvania is a proper venue under the general venue statute, 28 U.S.C. § 1391, as well. Under § 1391(b), a suit can be filed in: (1) any judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). All of the events giving rise to Plaintiff's claim took

10

place in Malvern, Pennsylvania, where Acme maintains its principal place of business. Accordingly, venue is proper in the Eastern District of Pennsylvania pursuant to § 1391(b).

2.    A Transfer to the District Court for the Eastern District of Pennsylvania Would Promote Justice and Convenience

Section 1404(a) of Title 28 of the United States Code provides for transfer when both the original and requested venues are proper, yet "the convenience of parties and witnesses" and "the interest of justice" favor the requested venue over the original one.   28 U.S.C. § 1404(a).   The purpose of § 1404(a) is to avoid the waste of time, energy, and money and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense. *Hoffer v. InfoSpace.com, Inc.,* 102 F.Supp.2d 556, 570 (D.N.J. 2000).   Section 1404(a) places discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice.  *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Affymetrix, Inc. v. Synteni, Inc.,* 28 F.Supp.2d 192, 208 (D.Del.1998).   The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants."    *Bergman v. Brainin,* 512 F.Supp. 972, 973 (D.Del.1981) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970)).

The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. *Jumara,* 55 F.3d at 879.  Although emphasizing that "there is no definitive formula or list of factors to consider," the Court of Appeals has identified potential factors that it characterized as either public or private. *Id.*  Private interests this Court may consider include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; (6) the location of books and records  *Id.*

11

(citations omitted).  Public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

In the present case, the *Jumara* factors weigh heavily in favor of transferring venue of this litigation to the Eastern District of Pennsylvania.  First, all events relevant to Plaintiff's claims took place at Acme's Malvern Headquarters, which was Plaintiff's place of employment.   Plaintiff's supervisor at Acme, and a key witness, resides in Pennsylvania and works out of the Malvern Headquarters.  The rest of Acme's Loss Prevention Department and its Human Resources Department work out of the Malvern Headquarters.   The majority of Plaintiff's employment records are maintained at the Malvern Headquarters.

The most important factor in this analysis, however, is that Plaintiff's ADA claim must be brought in the Eastern District of Pennsylvania.  Litigating Plaintiff's claims, which are based on the same nucleus of fact, in different forums would be contrary to every notion of judicial economy, would harm the public interest, and would impose an unusual burden on the Defendants.   Considering all of these factors, this Court should grant the Defendants' joint Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) as well as 28 U.S.C. § 1406(a).

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Transfer Venue to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Vicinage pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a).

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

BY _Jennifer Mecnel Guzzo_

Jennifer M. Becnel-Guzzo (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant SUPERVALU,*
*d/b/a Acme Markets, Inc.*
*and Acme Markets, Inc*

Dated:  January 10,  2008

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY M. PATERNOSTER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 07-446 |
| | : | |
| SUPERVALU, INC. d/b/a ACME | : | |
| MARKETS, INC. and ACME | : | |
| MARKETS INC. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Jennifer M. Becnel-Guzzo , do hereby certify that on this 10th day of January, 2008, I electronically filed Defendants' Motion to Transfer Venue, Memorandum of Law in Support of Defendants' Motion to Transfer Venue, and proposed Order using CM/ECF and also served two copies, via first class mail, postage prepaid, to:

> Herbert G. Feuerhake, Esquire
> 521 West Street
> Wilmington, DE   19801

> BUCHANAN INGERSOLL & ROONEY PC

> BY
> Jennifer M. Becnel-Guzzo (#4492)
> 1000 West Street, Suite 1410
> Wilmington, DE 19801
> (302) 552-4200
> jennifer.becnelguzzo@bipc.com
> *Attorneys for Defendant SUPERVALU,*
> *d/b/a Acme Markets, Inc.*
> *and Acme Markets, Inc.*